E. KATIE READ, as Executrix of THERON A. READ, Deceased, Respondent, *v.* ABNER MILLS, Appellant.

*Read* v. *Mills*, 83 Hun, 613, affirmed.
(Argued March 26, 1897; decided May 4, 1897.)

APPEAL from a judgment of the General Term of the Supreme Court in the second judicial department, entered December 26, 1894, which affirmed a judgment in favor of plaintiff entered upon a report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. Countryman* and *John R. Thompson* for appellant.

*Daniel Finn* and *Thomas Watts* for respondent.

O'Brien, J. The plaintiff is the widow and executrix under the will of her husband, Theron A. Read, who died on the 27th day of May, 1892.

The complaint alleges that the deceased, as an attorney and counselor at law, between the first day of June, 1883, and the time of his death, rendered and performed professional services for the defendant, at his request, in a large sum, which was alleged to be due to him at the time of his death.

The defendant's answer put in issue the allegations of the complaint in so far as they charge the existence of any debt for professional services, and payment was also pleaded.

The issues in the case seem to have been very carefully tried before a very competent referee. The death of the attorney precluded the client from giving his testimony as to personal transactions. The matters tried were questions of fact, to be determined from papers, books, memoranda and such testimony from outside parties as could be produced. We have examined this testimony and think the learned referee came to a very reasonable and just conclusion. His findings of fact are all sustained by evidence. He found that there was due to the deceased at the time of the death a considerable sum, though much less than the amount claimed in the complaint. The learned counsel for the defendant, in the brief submitted with the appeal, has pointed out certain rulings of the referee which he claims amount to errors of law sufficient in importance to require this court to reverse the judgment. We have examined them with some care and are of the opinion that none of them present any legal error sufficient to warrant us in disturbing the judgment. The case has been as fully and fairly tried as it ever can be. The result does not appear to be in any respect unreasonable or unjust, and neither the interest of the parties nor the demands of justice will be promoted by reopening the controversy on any technical ground. The merits have been fully tried and passed upon, and there were no errors of law committed by the referee that call for another trial.

The judgment should be affirmed, with costs.
All concur.
Judgment affirmed.